**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AADASDEEP SINGH,<br><br>                    Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-02286-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS AND DIRECTING RESPONDENTS TO PROVIDE SUBSTANTIVE BOND HEARING[1];<br><br>(Docs. 1, 2.) |

## I.    INTRODUCTION

Before the Court for decision is Aadasdeep Singh's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 6.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 6 at 1.) Because the Court orders Respondents to provide Petitioner with a bond hearing and grants the underlying petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

(citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is an asylum seeker from India who entered the United States on or about March 28, 2023, where federal immigration officials encountered him near Lakeville, Arizona. (Doc. 1 at 14.) He was subsequently issued an I-862, Notice to Appear and released from custody with various reporting requirements. (*Id*; Doc. 6 at 10.) On March 2, 2026, Petitioner was arrested by Immigration and Customs Enforcement due to multiple reporting violations and is currently being detained at the Mesa Verde ICE Processing Center in Bakersfield, California. (*Id*.)

The government filed a response to the petition and issuance of preliminary injunctive relief, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 6.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Even still, because there is at

least a colorable basis for his arrest, the Court **ORDERS:**

1. The petition for writ of habeas corpus is **GRANTED** for the reasons stated in the orders cited above;

2. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3. The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **April 7, 2026**

UNITED STATES DISTRICT JUDGE